United States District Court
Southern District of Texas
**ENTERED**
November 06, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| INTERNATIONAL BANCSHARES | § | |
| CORPORATION d/b/a INTERNATIONAL | § | |
| BANK OF COMMERCE d/b/a IBC BANK | § | |
| | § | |
| v. | § | CIV. NO. 5:15-cv-173 |
| | § | |
| JOSE ANTONIO LOPEZ, On Behalf of | § | |
| Himself and All Others Similarly | § | |
| Situated | § | |

## MEMORANDUM AND ORDER

Pending before the Court is International Bankshares Corporation's (IBC) "Motion to Vacate Award of Conditional Certification." (Dkt. 1.) Jose Antonio Lopez has filed a response (Dkt. 4.) and IBC has filed a reply. (Dkt. 5.) The Court considers these filings and the attached exhibits.

## BACKGROUND

The instant Motion concerns one of three similar disputes currently in arbitration between IBC and former sales associates. These sales associates, including Lopez, claim back pay for overtime work under the Fair Labor Standards Act (FLSA). For the past two years the parties have argued about the meaning of IBC's Open Door Policy for Dispute Resolution (arbitration agreement), which requires disagreements between IBC and its employees to be arbitrated rather than litigated.

This Court first became involved with these disputes on September 4, 2013, when Ceasar Berlanga filed a complaint in this Court under the FLSA accusing IBC of underpaying him and other sales associates for overtime work.  (5:13-cv-149, Dkt. 1.)  Berlanga requested that the suit proceed as an FLSA collective action, which would allow similarly situated sales associates to join as plaintiffs.  IBC filed a motion to compel arbitration.  While that motion was pending, Jose Antonio Lopez attempted to join the action as a plaintiff.  The Court granted IBC's motion to compel arbitration and dismissed the suit without considering Lopez's request to join.

Berlanga and Lopez together tried to initiate collective-action arbitration with the American Arbitration Association (AAA).  IBC objected to collective-action arbitration, the assigned arbitrator sustained the objection, and Lopez's and Berlanga's claims were divided into separate arbitrations. IBC's instant motion to vacate concerns the Lopez arbitration, as the Court has not been involved in the Berlanga arbitration. Lopez moved for a clause-construction ruling that the arbitration agreement allows him to bring an FLSA collective-action arbitration.  On August 19, 2014, the arbitrator granted Lopez's motion, finding that the arbitration agreement allows for collective action (the "clause-construction award").

IBC then filed a "Motion to Vacate the Clause Construction Award" in this Court.  It argued that the arbitrator exceeded his power by allowing Lopez to proceed in collective-action arbitration.  (5:14-cv-138, Dkt. 1.)  Lopez countered that the Court lacked jurisdiction to consider IBC's motion.  On October 28, 2014, this Court found that it had jurisdiction under Stolt-Nielsen, S.A. v. AnimalFeeds Int'l Corp., 130 S. Ct. 1758 (2010), but that the arbitrator did not exceed his powers by finding that the arbitration agreement allows for FLSA collective actions.   Int'l Bancshares Corp. v. Lopez, 57 F.Supp.3d 784 (S.D. Tex. 2014) (Kazen, J.) (Lopez I).

The arbitration proceedings continued.  The arbitrator temporarily abated the proceedings to allow Lopez to complete the grievance procedure outlined in IBC's dispute-resolution policy.  The arbitrator lifted the abatement on June 10, 2015, without stating the result of the grievance procedure.  The arbitrator granted Lopez's motion for conditional certification of a collective-action class on June 22, 2015.  IBC objected, requesting clarification of the arbitrator's ruling.  In response, the arbitrator withdrew his June 22 order and issued a new order detailing his reasoning on August 18, 2015, granting Lopez conditional certification and outlining the procedure the parties must follow to give potential opt-in plaintiffs notice of the arbitration proceedings (the "conditional certification

award"). In the instant Motion, IBC asks the Court to vacate this conditional certification award.

## ANALYSIS

IBC's claim arises under 9 U.S.C. § 10(a)(4), part of the Federal Arbitration Act (FAA), which allows a court to vacate an arbitration award "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award on the subject matter submitted was not made." This section allows a court to vacate an arbitrator's decision "only in very unusual circumstances." First Options of Chi., Inc. v. Kaplan, 115 S. Ct. 1920, 1923 (1995).

The general rule is that a court may review an arbitral award "only after a final award is made by the arbitrator." Folse v. Richard Wolf Med. Instruments Corp., 56 F.3d 603, 605 (5th Cir. 1995). Therefore, "procedural questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide." Howsam v. Dean Witter Reynolds, Inc., 123 S. Ct. 588, 592 (2002) (internal quotations omitted). Objections to the nature and fairness of the proceedings are for the arbitrator to decide "'subject only to the limited post-arbitration judicial review as set forth in section 10 of the FAA.'" Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co., 304 F.3d 476, 487 (5th Cir. 2002) (quoting Hooters of Am., Inc. v. Phillip, 173 F.3d

933, 940–41 (4th Cir. 1999)).  Moreover, "federal courts may not graft a provision for interlocutory judicial review onto the otherwise straight-forward regime contemplated by the FAA. . . ." Savers Prop. & Cas. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA, 748 F.3d 708, 722 (6th Cir. 2014).

As the Court discussed last year in its opinion involving these same parties and proceedings, the Supreme Court carved out a limited exception to this general rule in Stolt-Nielsen, 130 S. Ct. at 1767.  See Lopez I, 57 F.Supp.3d at 787–89.  Stolt-Nielsen opened the door to judicial review of an arbitrator's decision concerning whether an arbitration agreement allows for class-action arbitration.  See, e.g., Opalinski v. Robert Half Int'l, Inc., 761 F.3d 326, 329 (3d Cir. 2014) (reviewing an order allowing class-action arbitration); DIRECTV, LLC v. Arndt, 546 Fed.Appx. 836, 838–39 (11th Cir. 2013).  In Lopez I, this Court found that the potential hardship raised by an unagreed-to collective action was similar enough to that raised by an unagreed-to class action to justify including orders allowing collective action in the Stolt-Nielsen exception.  Id.

This limited exception to the general rule does not give courts blanket jurisdiction over all arbitral orders concerning collective action.  Rather, it gives courts limited jurisdiction to consider an arbitrator's ruling on a particular threshold issue: whether an arbitration agreement allows for collective-

5/6

action arbitration.   Once this question has been answered and the parties are properly subject to collective-action arbitration, the general rule barring interlocutory review of arbitration awards applies, preventing a federal court from reviewing an arbitrator's order until final award issues.

As the Court found in Lopez I, IBC is properly subject to collective-action proceedings.  The Court has already dealt with the issue Stolt-Nielson allows it to review, and the parties have moved on to the next step in the proceedings.  The award IBC asks the Court to review conditionally certifies a class of plaintiffs and outlines the procedures to be followed in notifying and defining the class.  This award is procedural, and no final award has issued.  Therefore, under the general rule barring interlocutory review of arbitration orders, this Court lacks jurisdiction to review the arbitrator's order.

CONCLUSION

Because this Court lacks jurisdiction, IBC's Motion to Vacate (Dkt. 1) is DENIED.

DONE at Laredo, this 5th day of November, 2015.

_George P. Kazen_
George P. Kazen
Senior United States District Judge